*530 On Rehearing.
LAND, J.
[4] In defendants’ application for a rehearing it was strenuously urged that its exception of no cause of action should have been sustained, and the suit dismissed. Counsel in their brief say:
“It is now submitted that, under this particular contract, which stipulated no term.for the delivery of the logs, and on the record in the ease at bar, which shows that defendant at the time of the trial was continuing to deliver all the logs contracted to be delivered, the plaintiff has no cause of action to sue for a profit in the amount of logs deficient according to the joint scale in any month or other_ terms during the time the contract is being carried out.”
The contract has no definite term, and its language is broad enough to embrace all hardwood logs which the defendant could reasonably deliver at the mill of the plaintiff. Defendant obligated itself “to deliver 10,000 feet or over daily of logs on the side track at the mill” which plaintiff was to erect, and the latter obligated itself to accept logs of the size and description set forth in the contract, and to pay for the same at certain rates per 1,000 feet. The agreement provided for the scaling of the logs by a competent scaler, jointly employed and compensated by the parties, and that the scale so made should be the basis of settlement, which should not be later than the 20th of the following month in which the logs were delivered. Hence the contract was a sale of hardwood logs to be delivered at the mill from day to day, and to be paid for from month to month. The parties having thus provided for successive terms for the performance of the obligations of the contract, it is obvious that nondelivery at the expiration of any of the terms conferred a right of action for damages on the purchaser.
“In all cases, the seller is liable to damages, if there result any detriment to the buyer, occasioned by the nondelivery at the time agreed on.” Civil Code, art. 2486.
In defendants’ application for a rehearing it is stated that plaintiff has instituted another suit for damages for nondelivery of logs, and that the deficiency allowed in the present suit, added to the deficiency claimed in the second suit, will exceed by more than 2,000,000 feet the total amount of timber sold to the plaintiff. Of course, in a contract of this kind for an indefinite term, it may well happen that the deliveries, plus the deficiencies in deliveries, may exceed the total quantity of logs covered by the contract. When this result is imminent, the vendor has his remedy by refusing further deliveries, or by action for an accounting, or both. But the decree in this case cannot be affected by any such considerations, as it is conceded that the logs involved in this litigation constitute only a part of the total amount covered by the contract.
As to scalage and deliveries, we have merely held the parties to the plain terms of the written contract.
. The defendant contracted for more than it could perform, and consequently must pay the resulting damages.
Plaintiff did not apply for a rehearing, but has urged in argument that his claim for extra overhead charges in the manufacture of logs actually delivered should have been allowed.
As the plaintiff, under our decree, will recover, free of the cost of manufacture, the profits on logs not delivered (which amount to one-half of the whole), we cannot figure out the alleged loss from extra overhead charges; nor are we prepared to say that such charges are proper elements of damages for the nondelivery of sawlogs, especially in a ease where the capacity of the mill was twice that called for by the contract.
The learned counsel for the defendant has found an error in our calculation of the number of days from December 5, 1911, to September 30, 1912, inclusive, except Sundays and Christmas. Our count was 259 days. A recount shows 257 days, inclusive of De *532 cember 5th, on which the deliveries commenced. The 2 days makes a difference of $148.60.
It is therefore ordered that our former decree herein be amended by deducting from the amount thereof the sum of $148.60, and that, as thus amended, said decree be reinstated and made the final judgment of the court.
O’NIELL, J., takes no part.